IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY WINES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIAGEO NORTH AMERICA, INC., et al., <br><br> Defendants. | Case No. 11-5639 EMC (JSC) <br><br> **ORDER REGARDING DISCOVERY DISPUTE (DKT. NO. 51.)** |

Now pending before the Court is a joint discovery letter brief concerning Plaintiffs' motion to compel Defendants to answer certain Requests for Admission ("RFA"). After carefully considering the parties' disputes, the Court concludes that oral argument is unnecessary, *see* L.R. Civ. 7-1(b), and rules as set forth below.

**A.  Plaintiffs' Requests for Admission Nos. 1 and 4**

Plaintiffs' motion to compel answers to RFA Nos. 1 and 4 is DENIED. Defendants have answered request No. 1: they deny that they compete with wines offered by Plaintiffs in connection with the LA CREMA mark. If Plaintiffs intended a different definition of "compete" from that used by Defendants, the definition should have been set forth in the RFA.

As to Request No. 4, the Court agrees with Defendants that "high level of commercial success" is vague and unambiguous. Plaintiffs' RFA offers no definition of what is meant by a "high level of commercial success." A "high level of commercial success," like "beauty," is in the eye of the beholder. Accordingly, the request is "so ambiguous that [Defendants] cannot, in good faith, frame an intelligent reply." Schwarzer, et al., *Federal Civil Procedure Before Trial* ¶ 11:2059 (2011).

**B.   Plaintiffs' Request for Admission Nos. 18, 19, 23, 24, 42, 43, and 44**

Plaintiffs' motion to compel responses to RFA Nos. 18, 23, and 24 is GRANTED. The requests are relevant to Plaintiffs' intent in selecting the CRÈME DE LYS mark. Plaintiffs' motion as to the remaining requests is DENIED. The requests are vague and ambiguous as to what is meant by similar or derivative trademarks. For example, it is not clear to the Court that "PARADUXX" and "GOLDENYE" are similar or derivative as Plaintiffs imply in Request No. 42. Even if, however, Defendants could at least answer whether they were aware of the brand names identified as examples in the challenged RFA, Plaintiffs do not explain why Defendants' knowledge of such brand names is relevant.

## CONCLUSION

Defendants' objections to RFA nos. 18, 23 and 24 are not justified; accordingly, Defendants shall serve answers to these requests within 10 days of the date of this Order. *See* Fed. R. Civ. P. 36(a)(6) ("Unless the court finds an objection justified, it must order that an answer be served.") In all other respects Plaintiffs' motion is denied.

**IT IS SO ORDERED.**

Dated: May 1, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE