IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY WINES, INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>DIAGEO NORTH AMERICA, INC., et al., <br><br>Defendants. | Case No. 11-5639 EMC (JSC) <br><br>**ORDER RE: JOINT DISCOVERY LETTERS (Dkt. Nos. 67, 72, 73)** |

The Court is in receipt of the parties' joint discovery letters concerning their various discovery disputes. (Dkt. Nos. 67, 72, 73.) Specifically, the parties dispute 1) the scope of Plaintiffs' Rule 30(b)(6) deposition notice (Dkt. No. 67), 2) whether Plaintiffs may depose a witness after the close of fact discovery (Dkt. No. 72), and 3) whether Plaintiffs must produce their actual-versus-projected sales data of La Crema wines from the quarterly reports (Dkt. No. 73). After carefully considering the parties' submissions, and having had the benefit of oral argument on August 1, 2013, the Court orders as set forth below.

//

//

//

## DISCUSSION

### A.   Rule 30(b)(6) Deposition Topics

The parties dispute six topics Plaintiffs identified in their Rule 30(b)(6) deposition notice, which Plaintiffs served on June 14, 2013, three weeks before the close of fact discovery.[1]

#### 1.   Topic No. 4: Defendants' attempts to acquire the La Crema brand

The Court concludes that this topic is appropriate for a Rule 30(b)(6) deposition, but Plaintiffs shall be afforded only one hour of examination on this topic.  Plaintiffs' theory in this case is that Defendants inquired into purchasing the La Crema brand, reviewed Plaintiffs' proprietary business information concerning the brand, and ultimately decided to copy—but not purchase—the brand.  A Rule 30(b)(6) deponent will be able to testify regarding the circumstances of the attempted acquisition.

Defendants' arguments to the contrary are unavailing.  Although Defendants insist that it has already been established through previous deposition testimony of the Brand Manager and Brand Director that the prior acquisition attempt played no role in developing the Crème de Lys brand, the Court cannot rule as much.  Further, the Rule 30(b)(6) deponent's knowledge of the circumstances of the attempted acquisition and any effects it had on the development of the Crème de Lys brand may be different from the Brand Manager's and Brand Director's knowledge of those circumstances and effects.

The Court accordingly GRANTS Plaintiffs' request with respect to Topic No. 4.  Examination on this topic, however, shall be limited to one hour.

#### 2.   Topic No. 7: Defendants' communications

Plaintiffs seek to depose Defendants' Rule 30(b)(6) witness concerning "[a]ny communications between You and any third party concerning Plaintiff, the LA CREMA mark, or Plaintiffs' LA CREMA wine products."  (Dkt. No. 67-1.)  This topic is too broad and the Court accordingly DENIES Plaintiffs' request for a Rule 30(b)(6) witness on this topic.  Plaintiffs had an

---

[1] Because Plaintiffs served their notice three weeks before the close of fact discovery—and only four days after Defendants served their own Rule 30(b)(6) notice—the Court rejects Defendants' argument that Plaintiffs' notice is untimely.

2

opportunity to narrow their request during the parties' meet-and-confer efforts, but they failed to do so.

### 3. Topic No. 10: Distribution of Defendants' Crème de Lys wine products

Plaintiffs seek testimony regarding the "[d]istribution of Your CRÈME DE LYS wine products, including but not limited to Your distribution through Southern Wine & Spirits of America d/b/a Pacific Wine and Spirits." (Dkt. No. 67-1.) Plaintiffs' request is GRANTED. Deposition on this topic is relevant to Plaintiffs' allegations that Defendants' marketing and distribution channels for their Crème de Lys wine cause confusion with Plaintiffs' La Crema wine.

### 4. Topic Nos. 14, 15, and 16: Defendants' document production and preservation

These topics seek testimony regarding "[a]ll responses and objections to Interrogatories, Requests for Production, and Requests for Admission propounded by Plaintiffs," as well as Defendants' general efforts to collect and preserve documents. (Dkt. No. 67-1.) Plaintiffs' request for a Rule 30(b)(6) witness on these topics is DENIED. Plaintiffs' request is premised on the belief that Defendants' document production is somehow incomplete or improper. However, a Rule 30(b)(6) witness is not necessary to assuage Plaintiffs' concerns, which are supported merely by Plaintiffs' vague contention that something may be amiss. As discussed at the hearing, the parties shall confer regarding Plaintiffs' concerns and insure that all documents are identified and produced.

## B. Deposition of Jennifer Josephson

Plaintiffs request leave to depose Jennifer Josephson, Defendants' former employee, after the close of fact discovery. (Dkt. No. 72.) Plaintiffs' request is GRANTED in part. Plaintiffs shall be allowed to depose Ms. Josephson for no more than four hours, and such deposition shall occur by August 15, 2013, unless the parties agree otherwise.

Plaintiffs contend that Ms. Josephson played a "central role" in the selection of the Crème de Lys mark and is therefore a "critical witness." (*Id.* at 1.) Plaintiffs further assert that they only became aware of Ms. Josephson's importance to the case upon finding emails identifying Ms. Josephson in an April 2013 production by non-party Northstar Research Partners, LLC. Plaintiffs

1  state they served Ms. Josephson with a deposition subpoena on July 2, setting a deposition for July 5,
2  the day fact discovery closed.  No deposition occurred.

3　　　　Defendants do not question Ms. Josephson's importance; rather, they argue that Plaintiffs'
4  request should be denied because Plaintiffs' delay in noticing her deposition is unjustified and
5  because allowing Plaintiffs to depose her would be unfair since it will constitute Plaintiffs' 11th
6  deposition, exceeding the 10 allotted by Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure.
7  Regarding delay, the record before the Court does not support Defendants' contention that Plaintiffs
8  were put on notice of Ms. Josephson's importance in June 2012.  Defendants cite to deposition
9  transcripts that are not attached as exhibits or otherwise in the record.  Even assuming that Plaintiffs'
10  delay was not justified, Defendants fail to persuade the Court that they are prejudiced by any delay.
11  Defendants argue that Ms. Josephson's deposition will require additional time, money, and effort.
12  While this is true, the same time, money, and effort would have been expended even if there were no
13  delay and Ms. Josephson was deposed before the close of fact discovery.  In addition, Defendants
14  contend they are prejudiced because Plaintiffs have twice previously abruptly cancelled scheduled
15  depositions.  Although the Court does not view such cancellations favorably, the Court fails to see the
16  connection between those cancellations and prejudice to Defendants if Ms. Josephson's four-hour
17  deposition occurs now.

18　　　　Regarding whether deposing Ms. Josephson will put Plaintiffs over the 10-deposition limit, the
19  Court is persuaded that it will not.  Defendants appear to count Plaintiffs' Rule 30(b)(6) depositions as
20  two separate depositions for purposes of Rule 30(a)(2).  However, Judge Chen previously ordered that
21  initial discovery be narrowed so as to collect only discovery needed for a preliminary settlement
22  conference.  (*See* Dkt. No. 30.)  Thus, when Plaintiffs first deposed Defendants' Rule 30(b)(6) witness
23  pursuant to Judge Chen's order narrowing discovery, and then deposes Defendants' Rule 30(b)(6)
24  witness on additional topics after the settlement conference, those depositions are considered one
25  deposition under Rule 30(a)(2).

26　　　　Because Ms. Josephson's importance is undisputed, and because Defendants will not be
27  prejudiced if her deposition is allowed, Plaintiffs shall be allowed to depose Ms. Josephson for no
28

4

more than four hours, and such deposition shall occur by August 15, 2013, unless the parties agree otherwise.

### C. Actual-versus-projected sales data contained in quarterly reports

The only remaining dispute between the parties identified in the joint letters—whether Plaintiffs should be compelled to produce actual-versus-projected sales data from their quarterly reports (Dkt. No. 73)—appears resolved. At the hearing, Plaintiffs represented that they had just recently produced redacted documents containing the requested information. Because the Court concludes that such actual-versus-projected sales data are relevant, Plaintiffs shall produce such data, to the extent they have not already done so.

## CONCLUSION

For the reasons stated, the Court rules as follows:

The Court GRANTS Plaintiffs' request to compel Rule 30(b)(6) testimony on Topic Nos. 4 and 10, and DENIES Plaintiffs' request to compel testimony on Topic Nos. 7, 14-16. Deposition testimony on Topic No. 4 may not exceed one hour.

The Court GRANTS in part Plaintiffs' request for leave to depose Jennifer Josephson after the close of fact discovery. Plaintiffs shall be allowed to depose Ms. Josephson for no longer than four hours, and such deposition shall occur by August 15, 2013, unless the parties agree otherwise.

The Court GRANTS Defendants' request to compel production of actual-versus-projected sales data contained within Plaintiffs' quarterly reports, to the extent Plaintiffs have not already done so.

**IT IS SO ORDERED.**

Dated: August 2, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE