PAGES 1 – 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

JACKSON FAMILY WINES, INC., ET AL, )
                                    )
            PLAINTIFFS,             )
                                    )
  VS.                               ) NO. C 11–5639 EMC
                                    )
DIAGEO NORTH AMERICA, INC.,         )
ET AL.,                             )
                                    )  SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.             )
                                    ) SEPTEMBER 26, 2013
_____) 10:48 O'CLOCK A.M.


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDINGS**

**APPEARANCES**:

**FOR PLAINTIFF**S:          **COOLEY LLP**
                             1299 PENNSYLVANIA AVE. NW, SUITE 700
                             WASHINGTON, DC 20004–2400
                        **BY:  PETER J. WILLSEY, ESQUIRE**



**FOR DEFENDANTS:**          **PROSKAUER ROSE LLP**
                             11 TIMES SQUARE
                             NEW YORK, NY 10036
                        **BY:  ADAM D. SIEGARTEL, ESQUIRE**


TRANSCRIBED BY:  KATHERINE WYATT, COURT REPORTER

                 WYATTKATHY994@GMAIL.COM

                 925–212–5224

SEPTEMBER 26, 2013                              10:48 O'CLOCK  A.M.

P R O C E E D I N G S

THE CLERK:  CALLING CASE C 11-5639, JACKSON FAMILY WINES VERSUS DIAGEO NORTH AMERICA, INC.

COUNSEL, PLEASE COME TO THE PODIUM AND STATE YOUR NAME FOR THE RECORD.

MR. WILLSEY:  GOOD MORNING, YOUR HONOR.  PETER WILLSEY WITH COOLEY FOR PLAINTIFFS JACKSON FAMILY WINES  AND LC TM HOLDINGS.

THE COURT:  ALL RIGHT, MR. WILLSEY.

MR. SIEGARTEL:  GOOD MORNING, YOUR HONOR.  ADAM SIEGARTEL FOR DEFENDANTS FROM PROSKAUER ROSE.

THE COURT:  ALL RIGHT.

MR. WILLSEY:  I HAVE WITH ME JUDY SCHVIMMER, WHO IS IN-HOUSE COUNSEL AT JACKSON FAMILY WINES.

THE COURT:  OKAY.  GREAT.  THANK YOU.

I GUESS I WANTED TO SEE WHETHER THERE'S ANY FURTHER THOUGHT ABOUT DISPUTE RESOLUTION, ADR, OR ANYTHING THAT CAN BE DONE TO FACILITATE ANY FURTHER ADR IN THIS CASE.

MR. WILLSEY:  YOUR HONOR, UNFORTUNATELY I DON'T THINK THERE IS BECAUSE THERE'S VERY ONE CLEARCUT ISSUE THAT HAS PROVEN TO BE A STICKING POINT.  JACKSON FAMILY WINES AND LC TM HOLDINGS WANT THE NAME OF THE PRODUCT CHANGED FROM CREME DE LYS TO SOMETHING THAT IS NOT SIMILAR TO LA CREMA.  DIAGEO -- MR.

SIEGARTEL CAN REPRESENT THIS -- BUT THEY REFUSE TO CHANGE THE NAME.

WE'VE BEEN THROUGH SETTLEMENT DISCUSSIONS IN THE PAST. THOSE WITH WERE NOT PARTICULARLY PRODUCTIVE. AND AT THIS POINT, I DON'T SEE ANYTHING THAT WOULD FACILITATE A SETTLEMENT.

THE COURT: OKAY.

MR. SIEGARTEL: AND DEFENDANTS AGREE WITH THAT, YOUR HONOR. THERE'S THIS ONE ISSUE. IT'S VERY BINARY. NEITHER PARTY'S WILLING TO MOVE ON THAT, SO I AGREE WITH MR. WILLSEY.

THE COURT: ALL RIGHT. WELL, WE HAVE A SCHEDULED TRIAL IN THIS MATTER ON THE 16TH, AND WE HAD SET ASIDE FOUR COURT DAYS, AND PRETRIAL IS ON DECEMBER 3RD.

I WILL -- I HAVE EVERY INTENT IN GOING FORWARD WITH THAT, BUT I SHOULD LET YOU KNOW THAT THERE ARE SOME CRIMINAL TRIALS THAT WE HAVE WHICH, BY LAW, TAKE PRECEDENT. AND I AM DOUBLE-BOOKED. SOMETIMES MORE THAN DOUBLE-BOOKED IS THE PRACTICE HERE.

I DO HAVE ANOTHER CRIMINAL TRIAL THAT IS SCHEDULED IN THAT SAME TIME FRAME, BUT, YOU KNOW, IT IS NOT UNCOMMON FOR THEM TO RESOLVE BEFORE THAT. BUT I'VE NOW HAD A STRING OF FIVE CRIMINAL CASES IN A ROW THAT DID NOT RESOLVE, SO I'M NO LONGER MAKING ANY MORE ASSUMPTIONS.

SO WHAT I WANT TO DO IS SORT OF GIVE YOU A PLAN B DATE IN CASE WE DO GET DISPLACED.

AND, BETTY, FEBRUARY 3RD IS AVAILABLE; IS THAT RIGHT?

FEBRUARY 3RD OR MARCH 3RD, I CAN TRY TO PENCIL IN AS A BACKUP DATE.

DO BOTH OF THOSE WORK?

MR. WILLSEY:  I BELIEVE FEBRUARY 3RD WORKS FOR ME.

MR. SIEGARTEL:  IT WORKS FOR US.

THE CLERK:  OKAY.

MR. WILLSEY:  AND MARCH 3RD, AS WELL.

MR. SIEGARTEL:  YOUR HONOR, I'M JUST NOT SURE ABOUT DIAGEO.  I HAVE TO CONSULT WITH MY CLIENT.  AS I STAND HERE, I THINK BOTH ARE FINE.  WOULD IT BE POSSIBLE FOR ME TO CONSULT WITH MY CLIENT AND LET THE COURT KNOW --

THE COURT:  YES.

MR. SIEGARTEL:  -- BY EARLY NEXT WEEK, WHATEVER TIME WORKS FOR YOUR HONOR.

THE COURT:  WHY DON'T YOU MAYBE LET BETTY KNOW BY MONDAY?

MR. SIEGARTEL:  PERFECT.

THE COURT:  SO I CAN SET -- AT LEAST PUT IT ON  THE CALENDAR SO WE AT LEAST RESERVE A DATE FOR YOU IN CASE SOMETHING DOESN'T CLEAR ON THE 16TH.

NOW, I WILL LET YOU KNOW, YOU KNOW, WE'LL KNOW BETTER.  I WANT TO GIVE YOU ENOUGH NOTICE SO YOU DON'T HAVE EVERYTHING LINED UP.  BUT SOMETIMES THESE THINGS OCCUR SORT OF LATE IN THE PROCESS.  BUT CERTAINLY BY LATE -- LET'S SAY BY THE THANKSGIVING WEEK.

BETTY, MAKE A NOTE.  LET THEM -- THE 19TH.  SO WE HAVE A CRIMINAL PRETRIAL CONFERENCE ON THE 19TH.  AND WE WILL HAVE A BETTER IDEA.  BETTY CAN MAKE A NOTE OR YOU CAN CALL BETTY ON THE 20TH AND SEE WHAT HAPPENED AND WHETHER THAT LOOKS LIKE IT'S GO OR NO GO.  AND WE'LL GET A BETTER SENSE AT THAT POINT.

MR. SIEGARTEL:  THANK YOU.

MR. WILLSEY:  THANK YOU.

THE COURT:  ALL RIGHT. ANYTHING ELSE THAT I CAN DO? I GUESS WE'RE ON OUR WAY, HUH?

MR. SIEGARTEL:  I ACTUALLY HAVE ONE MORE ISSUE, YOUR HONOR, IF THAT'S OKAY.  AFTER THE PARTIES FILED THEIR JOINT STATEMENT LAST WEEK, PLAINTIFFS SOUGHT TO -- WELL, THEY SERVED NEW SUPPLEMENTAL 26 (A) DISCLOSURES.  THEY IDENTIFIED A NEW TRIAL WITNESS.  FOR VARIOUS REASONS, THE DEFENDANTS OBJECT TO THAT WITNESS BEING ELIGIBLE FOR TRIAL.

PREVIOUSLY, THE PARTIES HAD BEEN BRINGING DISCOVERY DISPUTES TO MAGISTRATE CORLEY, BUT BECAUSE THIS CONCERNS A TRIAL WITNESS WE THOUGHT IT MIGHT BE SOMETHING THAT YOUR HONOR MIGHT WANT TO ADDRESS.

WE'RE NOT SURE.  BUT IF IT IS SOMETHING THAT YOUR HONOR WOULD ADDRESS, WE WERE SEEKING LEAVE TO BRING THAT TO YOUR HONOR VIA THE JOINT LETTER PROCESS IN YOUR HONOR'S CIVIL STANDING ORDER, NOT TO WAIT TO DO IT VIA IN LIMINE MOTION, BECAUSE, YOU KNOW, THE DEFENDANTS WOULD HAVE TO TAKE A DEPOSITION OF THIS WITNESS.

THAT WOULD BE BURDENSOME.  DEFENDANTS WOULD PREFER TO RESOLVE THIS ISSUE BEFORE THAT.

SO, AGAIN, THE FIRST ISSUE IS:  SHOULD THIS COME TO YOUR HONOR OR TO MAGISTRATE CORLEY?  AND IF YOUR HONOR BELIEVES IT SHOULD COME TO YOUR HONOR, AGAIN, WE WOULD SEEK THE JOINT LETTER PROCESS.

THE COURT:  SURE.

MR. WILLSEY:  YOUR HONOR, I THINK IT'S A LITTLE IRONIC THAT THEY SAY THAT HAVING TO DEPOSE ONE ADDITIONAL WITNESS WOULD BE BURDENSOME FOR THEM.  THEY REFUSED TO DESIGNATE 30 (B) (6) DESIGNEES FOR A COUPLE OF TOPICS FOR WHICH WE INCLUDED IN A NOTICE.

WE HAD TO BRING THAT BEFORE MAGISTRATE JUDGE CORLEY PURSUANT TO HER PROCESSES.  WE'VE SHOWED UP.  WE HAD A HEARING. SHE HAS ORDERED THEM TO MAKE THESE DESIGNEES AVAILABLE.

WE'RE GOING TO BE DEPOSING THEM, IT LOOKS LIKE, SOMETIME IN OCTOBER.  SO THEIR OWN TACTICS HAVE RESULTED IN US HAVING TO TAKE DEPOSITIONS WELL AFTER THE CLOSE OF FACT DISCOVERY.

IF THEY HAVE A PROBLEM WITH THIS INDIVIDUAL WHOSE NAME IS MATT BROWN, THEY ABSOLUTELY SHOULD USE THE PROCEDURES THAT ARE IN PLACE AND TAKE THIS TO JUDGE CORLEY.

THERE ARE A NUMBER OF DISCOVERY DISPUTES IN PLAY, AND I CAN DISCUSS ALL OF THEM TODAY.  I WASN'T THINKING THAT WE WERE GOING TO, BECAUSE I THOUGHT WE WOULD GO THROUGH THE ORDINARY STANDARD CHANNELS.

THE COURT:  AND THAT'S WHAT I WANT YOU TO DO.  EVEN THOUGH IT HAS IMPLICATIONS FOR TRIAL, THERE ARE SOME ISSUES, CONTEXTURAL ISSUES AND OTHER THINGS, BURDEN QUESTIONS THAT I THINK ARE APPROPRIATE FOR THE DISCOVERY JUDGE TO ADDRESS IN THE FIRST INSTANCE.

SO I THINK YOU SHOULD HANDLE IT WITH HER.  AND YOU SHOULD DO IT ON AN EXPEDITED BASIS, OBVIOUSLY, AND GET THAT RESOLVED AS SOON AS POSSIBLE GIVEN THE FACT THAT WE HAVE A PRETRIAL CONFERENCE COMING UP FAIRLY QUICKLY HERE IN EARLY DECEMBER.

AND, THEREFORE, YOUR FILING IS GOING TO BE DUE IN NOVEMBER.  SO THE ANSWER IS:  YES, BRING IT UP BEFORE JUDGE CORLEY, ALL RIGHT?

MR. SIEGARTEL:  YES, YOUR HONOR.

THE COURT:  GREAT.  SO WE'LL SEE YOU PROBABLY IN DECEMBER, ON DECEMBER 3RD, UNLESS WE FIND OTHERWISE, IN WHICH CASE WE'LL SEE YOU EITHER IN FEBRUARY OR MARCH.

MR. WILLSEY:  THANK YOU, YOUR HONOR.

MR. SIEGARTEL:  THANK YOU, YOUR HONOR.

THE COURT:  GREAT.  THANK YOU.

(THEREUPON, THIS HEARING WAS CONCLUDED.)

**CERTIFICATE OF TRANSCRIBER**


I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTIONS IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

SIGNATURE OF TRANSCRIBER

*Kathy Wyatt*                10-9-13 DATE