United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY WINES, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DIAGEO NORTH AMERICA, INC., et al.,<br><br>  Defendants. | Case No. 11-5639 EMC (JSC)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL FINANCIAL INFORMATION**<br>**(Dkt. No. 93)** |

    Plaintiffs wine companies have sued their competitors, Diageo North America, Inc. and Diageo Chateau & Estate Wines Co. for trademark infringement. Now pending before the Court is a joint discovery letter brief regarding a financial document dispute. Plaintiffs seek to strike Defendants' damages expert report on the ground that Defendants have refused to produce documents upon which their expert relied. In the alternative, Plaintiffs seek production of the documents, further depositions, and an award of costs. Plaintiffs also seek Defendants' yearly brand-level profit-and-loss statements ("P&L statements"). After carefully considering the parties' submissions, and having had the benefit of oral argument, Plaintiffs' motion is granted as to the production of documents and further depositions and

costs, but denied as to their request to strike the expert report and for production of P&L statements.

## BACKGROUND

Defendants disclosed Christine Hammer as their damages expert. In her initial expert report, Ms. Hammer computed the profit and loss attributed to Defendants' challenged Crème De Lye product by deducting from gross revenues advertising and promotions ("A&P") costs and overhead expenses of two dollars per case shipped. Plaintiffs' damages expert (Mr. Gutzler) apparently did not deduct such costs; in his supplemental report he explained that he did not do so because he did not understand the basis for the deduction of such costs and that Plaintiffs did not have the information sufficient to identify any such costs. In particular, he noted that Defendants' controller could not identify any increased overhead costs incurred by Defendants as a result of the launch of the challenged Crème De Lye brand.

In her supplemental expert report in response, Ms. Hammer explained that her valuation of Defendants' profit includes deductions from brand revenues for a percentage of the general corporate A&P and overhead expenses, even if those expenses did not increase upon the introduction of the Crème De Lye brand. In her opinion this deduction is appropriate given that the Crème de Lye brand benefited from those expenditures. She thus allocated a percentage of the general corporate A&P and overhead to Crème de Lys based on its percentage of Defendants' total shipping volume.

Defendants, however, have not produced all of the documents upon which Ms. Hammer relies to compute her corporate A&P and overhead deduction. Nor have they produced documents showing the total shipment volume and the Crème de Lys shipment volume during the relevant time period. Further, during Plaintiffs' deposition of Defendants' controller, Defendants instructed the witness not to provide Plaintiffs with the numbers of Defendants' total shipment volume, total A&P costs, and total overhead. (Dkt. No. 92-7, Ex. 4 at 135-39.) Ms. Hammer was also instructed during her deposition not to disclose certain figures. (Dkt. No. 92-5, Ex. 2 at 195.)

During the meet and confer process Defendants finally offered to produce the sought-after financial information, upon certain conditions. First, Plaintiffs had to agree to treat the information as highly confidential, including at trial, which meant that it would agree that all of Plaintiffs' employees would have to be cleared of the courtroom when and if the information is discussed. Second, with respect to further depositions as a result of the disclosure of the information, the parties would reserve their rights to seek relief from the court, but that they would also have to agree to bear their own costs with respect to the costs of such further depositions. Plaintiffs refused these conditions and their motion to compel followed. Plaintiffs now move to strike Ms. Hammer's opinions regarding the deduction of a percentage of corporate A&P and overhead on the ground that "Defendants have refused to produce these documents." (Dkt. No. 92-3 at 2). In the alternative, they ask the Court to order Defendants to produce the relevant financial documents, allow Plaintiffs to further depose the controller and Ms. Hammer, and order Defendants to pay all costs and expenses incurred as a result of their delay.

## DISCUSSION

The sought-after financial documents are relevant and discoverable. As Defendants' expert relied upon the documents they should have been produced. Defendants have explained that because the information is so highly confidential—the crown jewels—they did not want to produce the information absent an agreement from Plaintiffs that at trial Plaintiffs would agree to maintain the information attorney's eyes only. That was not the only condition to their production, however; Defendants also insisted that should the Court order that further depositions are warranted, the parties would bear their own costs.

Following the hearing on the motion, Defendants now agree to produce the financial documents Ms. Hammer relied upon, without condition. (*See* Dkt. No. 101.) However, because Defendants failed to include these documents with Ms. Hammer's supplemental report, at her deposition, or anytime Plaintiffs requested them before or after the deposition, Defendants violated Federal Rule of Civil Procedure 26(a)(2)(B)(ii), which requires disclosure

with the expert report of "the facts or data considered by the witness in forming" her opinions. Defendants admittedly did not disclose such facts or data here.

The Court accordingly orders that Plaintiffs shall be allowed to reconvene Ms. Hammer's deposition for no longer than 90 minutes. The Court further orders that Defendants shall pay for two hours of counsel's time related to the reconvened deposition. *See* Fed. R. Civ. P. 37(c)(1)(A) (providing that if a party fails to provide information as required by Rule 26(a), the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure"). Given this remedy, the Court declines to strike Ms. Hammer's testimony. In addition, the Court denies Plaintiffs' request to reconvene Mr. Mulhall's deposition because Plaintiffs have failed to show that such further deposition is needed. If Ms. Hammer's deposition reveals some reason that warrants reconvening Mr. Mulhall's deposition, the parties can meet-and-confer on the issue and, if unresolved, bring the matter to the Court's attention. Finally, Plaintiffs' request that Defendants pay the costs for Mr. Gutzler to analyze the newly produced documents and prepare a supplemental report is also denied as even if the documents were timely produced he would have had to expend time to analyze such documents.

Regarding the supposed unproduced P&L statements, Defendants reiterated at the hearing on the motion that all such documents that exist have already been produced. The Court accordingly denies Plaintiffs' motion to the extent it seeks production of these P&L statements.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants shall produce the documents upon which Ms. Hammer relied to compute her corporate A&P and overhead deduction by Wednesday, October 30, 2013.

2. Plaintiffs are allowed to depose Ms. Hammer for an additional 90 minutes.

3. Defendants shall pay for two hours of counsel's time related to the reconvened Hammer deposition.

**IT IS SO ORDERED.**

Dated: October 31, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE