IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY WINES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIAGEO NORTH AMERICA, INC., et al.,<br><br>Defendants. | Case No. 11-5639 EMC (JSC)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE FOR RULE 30(b)(6) DEPOSITION (Dkt. No. 104) AND GRANTING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (Dkt. No. 103)** |

Plaintiffs wine companies have sued their competitors, Diageo North America, Inc. and Diageo Chateau & Estate Wines Co. for trademark infringement. Now pending before the Court is a joint discovery letter brief regarding Plaintiffs' request to depose a Rule 30(b)(6) witness on Defendants' document preservation, collection, and production efforts. Specifically, Plaintiffs seek testimony on 1) Defendants' document preservation efforts in regards to Jennifer Josephson ("Josephson"), Defendants' Director of Consumer Planning, and 2) Defendants' preservation and collection efforts concerning recordings of consumer focus group studies. Also pending before the Court is Plaintiffs' administrative motion to file under seal. (Dkt. No. 103.) After carefully considering the parties' submissions, Plaintiffs' motion is granted as to Defendants' retention of Josephson's custodial files, but denied as to Defendants' preservation and collection of the focus

1  group studies. In addition, Plaintiffs' administrative motion to file under seal is granted in part and
2  denied in part.

## BACKGROUND

4  From January 2009 to sometime in August 2011, Josephson worked for Defendants as a
5  director of Consumer Planning. (*See* Dkt. No. 103-4 at 18:17-20, 19:6-8, 27:11-12.) Defendants
6  describe Josephson's role in the company as "the conduit between Diageo's marketing team and
7  Northstar [Research Partners, LLC], the third-party market research company," that was conducting
8  the Crème de Lys focus groups. (Dkt. No. 103-2 at 6.) Plaintiff returned to the company in October
9  2011 in a non-marketing role. (*See* Dkt. No. 103-12 at 26:3-24.)

10  Plaintiffs previously raised concerns regarding Defendants' document preservation in a
11  discovery letter brief four months ago. (Dkt. No. 67 at 3-4.) The letter, however, was vague as to
12  what caused Plaintiffs' concerns. At the hearing, Plaintiffs explained that their concern arose from
13  receiving "a hundred emails with Josephson's name on them, [but] we didn't get these [emails] in her
14  custodial files." (Dkt. No. 79 at 8:15-17.) The Court then asked Plaintiffs' counsel if he had
15  previously discussed the issue with Defendants' counsel. Plaintiffs' counsel said "no." (*Id.* at 8:24.)
16  The Court accordingly instructed the parties to meet and confer on the issue: "why don't you just sit
17  down and have the conversation, and he can figure out, and you can explain to him why they didn't
18  have it." (*Id.* at 8:25-9:3.) The Court noted that "we want to make sure the documents were
19  preserved. And we want to know what else is out there that we should be getting." (*Id.* at 9:19-21.)

20  In its written Order, the Court concluded that "a Rule 30(b)(6) witness is not necessary to
21  assuage Plaintiffs' concerns, which are supported merely by Plaintiffs' vague contention that
22  something may be amiss." (Dkt. No. 77 at 3.) As discussed at the hearing, the Court ordered the
23  parties to meet and confer "regarding Plaintiffs' concerns and insure that all documents are identified
24  and produced." (*Id.*)

25  Although the parties met and conferred on the issue, the parties were unable to resolve the
26  dispute regarding Defendants' preservation efforts. This joint letter followed.

## DISCUSSION

**A.     Motion for Leave for Rule 30(b)(6) Deposition**

"The common law imposes the obligation to preserve evidence from the moment that litigation is reasonably anticipated." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012). Plaintiffs have provided good cause supporting their belief that Josephson's custodial file was not preserved in its entirety. Such good cause warrants a Rule 30(b)(6) deposition, not to exceed 60 minutes, on Defendants' preservation of Josephson's custodial file.

Plaintiffs assert that while Defendants produced only nine documents from Josephson's custodial file, Defendants also produced over 100 documents from *other* custodial files that Josephson either sent or received. If Defendants are running the same search terms through all custodial files, it is logical to assume that the 100 documents from other custodial files that Josephson either sent or received should also have been found in Josephson's custodial file. They were not, at least according to Plaintiffs, thus raising the reasonable inference that Josephson's custodial file was not entirely preserved.

Defendants fail to explain the discrepancy; instead, Defendants insist that because Plaintiffs do not identify any particular document they believe is still missing, there is no problem. Defendants' argument, however, is unresponsive to Plaintiffs' concern that Defendants did not preserve Josephson's documents. Defendants fail to explain why the documents found in other custodial files were not found in Josephson's custodial file.

Plaintiffs also contend that there are at least 17 relevant documents, which include 44 email exchanges, that Defendants failed to produce, but that were produced by Northstar in response to a subpoena. In one of those emails, Josephson and a Northstar employee explicitly discuss Plaintiffs' La Crema brand. Plaintiffs argue that "[t]hese missing documents confirm that Defendants either lost, destroyed, or failed to produce relevant documents possessed by Josephson." (Dkt. No. 103-2 at 3.) While there may certainly be an innocent explanation for Defendants' failure to produce an email from Josephson that specifically mentions La Crema, Defendants fail to provide one. That Defendants ran a search of all of Josephson's documents they collected, yet still did not locate the

3

email referencing La Crema, further supports Plaintiffs' concern that Defendants did not preserve Josephson's custodial files.

Defendants argue that the motion should be denied because the Court has already denied the motion. However, as noted above, the Court denied Plaintiffs' motion because Plaintiffs had not discussed with Defendants their specific concerns regarding the preservation of Josephson's custodial file. In addition, Plaintiffs' portion of the joint letter only vaguely referenced their reasons for their suspicions, which were not as specific as Plaintiffs' assertions at the hearing or in the pending joint letter. Moreover, the Court stated at the hearing that "we want to make sure the documents were preserved." (Dkt. No. 79 at 9:19-21). Thus, rather than foreclose the issue, the Court indicated that, if the parties cannot first workout the issue amongst themselves, the Court would hear the matter to "make sure the documents were preserved."

In addition, Defendants' argument that the deposition should not be ordered because Josephson "played only a specific but limited role in the background facts of this litigation," is also unpersuasive. (Dkt. No. 103-2 at 6.) As Defendants concede, Josephson conducted the focus groups for their Crème de Lys brand—the alleged infringing brand—where on at least one occasion she remarked about the "potential confusion" with La Crema. (*Id.* at 3.) The Court is not persuaded that Josephson's admittedly "specific but limited" role in the events giving rise to this litigation insulates Defendants from having to produce a Rule 30(b)(6) witness to testify to the efforts to preserve her custodial file.

Turning to Plaintiffs' request for a Rule 30(b)(6) deposition regarding Defendants' retention and production of recordings of consumer focus group studies, the Court is not persuaded that Defendants' production has been deficient. The record does not indicate that Defendants ever possessed, or ever claimed to possess, the recordings. Once Plaintiffs became aware of the recordings' existence from Northstar and asked Defendants to search again for the recordings—which Northstar stated it could not locate—Defendants did so and also asked Northstar to search again. This time, Northstar found some of the recordings and produced them to Plaintiffs. Because nothing in the record suggests that Defendants ever possessed the recordings, there is no reason for the Court to

4

order a deposition on Defendants' retention and production of the recordings. Plaintiffs' request is accordingly denied.

**B. Administrative Motion to File Under Seal**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil Local Rule 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

Plaintiffs' administrative motion seeks to file under seal 1) portions of the joint statement that "reference" documents produced by Northstar, and the deposition testimony of Josephson and Histed, Northstar's Rule 30(b)(6) witness; 2) exhibits 1 and 7-9, which are portions of Josephson's and Histed's depositions; 3) exhibit 4, which is an email thread between Josephson and Histed; 4) exhibits 3, 5, and 6, which are document production tables; and 3) exhibit 2, which is Plaintiffs' demand letter to Defendants. (Dkt. No. 103; *see also* Dkt. No. 105.) Exhibit 2 is the only document Plaintiffs seek to seal that includes information they have designated as confidential. Plaintiffs assert that this exhibit should be filed under seal because it contains "confidential settlement terms." (Dkt. No. 103.)

Pursuant to Local Rule 79-5(e), Defendants submitted a declaration supporting the sealing of the remaining information, which they have designated as confidential. (Dkt. No. 105.) Defendants assert that they have previously designated "portions" of Josephson's deposition, as well as documents produced by Defendants and Northstar, as "Highly Confidential—Outside Counsel Only." (*Id.* at ¶ 2.) Defendants contend that these documents "contain[] sensitive information relating to the development of Diageo's Crème de Lys wine product, including market and product research as well as identification of customers or potential customers." (*Id.* at ¶ 3.) Defendants further assert that exhibits 3-6—the Josephson-Histed emails and the document production tables—"reference and quote from the Highly Confidential Material." (*Id.* at ¶ 4.) Defendants argue that "[p]ublic disclosure of

5

1  this information would harm Diageo's competitive position, and would provide a significant
2  competitive advantage to Plaintiffs." (*Id.* at ¶ 5.)
3    The Court concludes that Plaintiffs have shown good cause for sealing their demand letter to
4  Defendants. The letter includes details of Plaintiffs' initial settlement offer, and is therefore sealable.
5  Plaintiffs also seek to redact one line from the joint letter that quotes from the demand letter; however,
6  this one-sentence quote does not discuss settlement at all and merely states Plaintiffs' position in this
7  lawsuit—that the Crème de Lys mark is confusingly similar to the La Crema mark. (*See* Dkt. No.
8  103-2 at 2.) Because this redaction is unwarranted and not supported by good cause, Plaintiffs must
9  file the sentence unredacted.
10   Regarding the information that Defendants have sought to seal, the Court concludes that
11 Defendants have not shown good cause for any of the documents. While Defendants assert that
12 "portions" of Josephson deposition have been designated as highly confidential, Defendants do not
13 identify whether the portions they have submitted with the joint letter are those portions that include
14 supposed highly confidential information. Moreover, Defendants' designation of these deposition
15 transcripts as containing sealable information is not narrowly tailored, as required by Rule 79-5. For
16 instance, exhibit 9 includes Josephson's testimony regarding her tenure with Defendants *after* her
17 marketing job ended, as well as whether she was asked to institute a litigation hold. The Court fails to
18 see how such testimony is "sensitive information relating to the development of Diageo's Crème de
19 Lys wine product, including market and product research as well as identification of customers or
20 potential customers." (Dkt. No. 105 ¶ 3.) Nor are any of the joint letter redactions regarding
21 Josephson supported by good cause. For example, Defendants seek to seal Josephson's job title and
22 basic job functions—minor details that not only do not appear to fall even under Defendants'
23 definition of "sensitive information," but have already been disclosed by the parties' in their earlier,
24 publicly available joint letter filed four months ago. (*See* Dkt. No. 72 at 1.)
25   In addition, Defendants provide no specific reason for redacting the portions of the joint letter
26 that refer to the focus groups, their location, and Northstar. The bare fact that Defendants conducted
27 focus groups before branding a new product is not highly confidential information. The Court also
28 finds no good cause to redact any reference to Northstar, whose relationship with Defendants, at least

as represented in this joint letter, is innocuous.  Moreover, Northstar's role in the underlying facts of this case was already publicly disclosed in the parties' earlier joint letter.  (*See* Dkt. No. 72.)

Defendants also fail to provide good cause for sealing the document production tables (exhibits 3, 5, and 6).  These tables merely provide the title of the document or email, the sender/creator and the recipient of those documents, as well as the date the document was created or the email sent.  The supposedly confidential documents themselves are not in the exhibits.  Because Defendants fail to provide good cause for sealing the information in the document production tables, the motion is denied as to those exhibits.

Nor do Defendants assert good cause for sealing the Josephson-Histed emails.  Defendants simply state that "[t]he Highly Confidential Material is also included in [exhibit 4]."  While the emails originally contained an attachment of Northstar's focus group report, that likely confidential attachment is not included here.  The only excerpt from these emails that is included in the joint letter is Josephson's question to Histed about potential confusion with La Crema.  The Court fails to see how this single comment constitutes a "trade secret or [is] otherwise entitled to protection under the law."  Civil Local Rule 79–5(a).  Nor is any good cause shown for sealing the remainder of the emails, which are commonplace discussions of the report's editing process.

Finally, Defendants fail to even mention exhibits 7 and 8, the Histed deposition excerpts, in their declaration.  Further, these excerpts appear to include no sealable information as they merely include discussions of the fact that Histed and Josephson emailed each other (exhibit 7), and that Histed was unable to locate the focus group recordings (exhibit 8).  The Court accordingly concludes that Defendants have failed to show good cause for sealing exhibits 7 and 8.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' request for a Rule 30(b)(6) witness on Defendants preservation of Josephson's custodial files.  Such deposition shall not exceed 60 minutes and shall take place within the next 21 days, unless the parties agree otherwise.  In addition, the Court denies Plaintiffs' request for deposition testimony related to the focus group recordings.

Finally, Plaintiffs' administrative motion to file under seal is granted in part and denied in part. The motion is granted as to exhibit 2 only.  The motion is denied as to all redactions in the joint letter,

as well as exhibits 1 and 3 through 9. Pursuant to Local Rule 79-5(f)(3), the parties shall "file[] a revised redacted version of the document which comports with the Court's order within 7 days after the motion is denied."

**IT IS SO ORDERED.**

Dated: November 18, 2013

                                                       *Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE