IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY WINES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIAGEO NORTH AMERICA, INC., et al.,<br><br>Defendants. | Case No. 11-5639 EMC (JSC)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO COMPEL (Dkt. No. 115)** |

This trademark infringement action between wine industry competitors has resulted in numerous discovery disputes. Although fact discovery closed in July 2013, the parties have submitted yet another discovery dispute to the Court. On August 2, 2013, the Court granted Plaintiffs' motion to compel a 30(b)(6) deposition on, among other topics, the distribution of Defendants' Crème de Lye chardonnay product. (Dkt. No. 77.) The deposition of Defendants' 30(b)(6) designee on this topic, Paul Kalagher, occurred on October 30, 2013. Plaintiff now seeks another deposition on this same topic on the ground that Mr. Kalagher was not appropriately prepared to answer relevant questions. (Dkt. No. 115.) After carefully considering the parties' joint discovery letter brief, and having reviewed the transcript of Mr. Kalagher's deposition in its entirety, the Court declines to order a further deposition; however,

within one week of the date of this Order Defendants shall produce to Plaintiffs the documents which Mr. Kalagher reviewed to prepare for this deposition to the extent such documents have not previously been produced.

Plaintiffs' Rule 30(b)(6) notice broadly sought testimony regarding "[d]istribution of Your CRÈME DE LYS wine products, including but not limited to Your distribution through Southern Wine & Spirits of America d/b/a Pacific Wine and Spirits." (Dkt. No. 67-1.) While Mr. Kalagher was unable to answer some questions which he should have been prepared to answer, many of the deposition questions went to the topic's scope or were not clearly called for in light of its broad nature. For example, Mr. Kalagher cannot be faulted for not being able to answer questions regarding Defendants' conduct with respect to Plaintiff's La Crema product or communications with distributors. Further, many of the questions were actually about marketing, not distribution. If Plaintiffs wanted testimony on such discrete issues, the deposition notice needed to be more specific. Further, Plaintiffs were on notice that Defendants' distributors would likely have the most specific knowledge of where Crème de Lye is sold, yet Plaintiffs cancelled their deposition of Defendants' largest distributor. At this late date in the litigation when fact discovery has long closed a further 30(b)(6) deposition would serve no purpose other than to increase the parties' costs.

On the other hand, the answers to questions Mr. Kalagher should have been able to answer—for example, factual questions regarding where Defendants' product is sold—appear for the most part to be included in the documents Mr. Kalagher reviewed to prepare for his deposition. As Defendants do not dispute that the documents are relevant and responsive to Plaintiffs' previous discovery requests, Defendants shall produce the documents to Plaintiffs within one week of the date of this Order to the extent the documents have not previously been produced.

**IT IS SO ORDERED.**

Dated: December 2, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE