**Pages 1 - 7**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline Scott Corley, Magistrate Judge

Jackson Family Wines, Inc., et )
al.,                           )
                               )
          Plaintiffs,          )
                               )
  VS.                          )        **NO. C 11-05639 JSC**
                               )        **Pages 8 - 32**
                               )   **UNDER SEAL - BOUND SEPARATELY**
                               )     **BY ORDER OF THE COURT**
Diageo North America, Inc., et )
al.,                           )
                               )
          Defendants.          )
_____)

San Francisco, California
Thursday, December 5, 2013

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING**

Transcribed By:  Jill R. Bryce, Transcriber



510.828.9404 • info@brycereporting.com
www.brycereporting.com

**<u>APPEARANCES</u>**:

For Plaintiffs:

        Cooley LLP
        1299 Pennsylvania Avenue, N.W.
        Suite 700
        Washington, D.C. 20004
   **BY:**  **BRENDAN JOSEPH HUGHES**
       **ATTORNEY AT LAW**

For Defendants:

        Poskauer Rose LLP
        11 Times Square
        New York, New York 10036
   **BY:**  **DAVID MUNKITTRICK**
       **ATTORNEY AT LAW**

Thursday, December 5, 2013                               9:06 a.m.

**P-R-O-C-E-E-D-I-N-G-S**

**---OOO---**

**THE CLERK:**  Calling Criminal -- I mean, C 11-5639, Jackson Wine versus Diageo North America, Inc.

**MR. HUGHES:**  Hello, Your Honor.  My name is Brendan Hughes.  I'm here on behalf of Jackson Family Wines.

**THE COURT:**  Good morning, Mr. Hughes.

**MR. MUNKITTRICK:**  Good morning.  David Munkittrick on behalf of Diageo.

**THE COURT:**  Good morning, Mr. Munkittrick.

Calling it a criminal was just a Freudian slip --

(Laughter)

**THE COURT:**  -- although this is somewhat criminal.

All right.  So you're here, and you both have authority, right --

**MR. HUGHES:**  That's correct.

**THE COURT:**  -- to finally resolve.  So this is what you submitted to me to -- to resolve the disputes about what's truly attorneys' eyes only.  You can imagine why I said no.

And, so, you're here.  You can use the jury room and go through.  And you probably haven't met in person to do this yet I would imagine.  So go through line by line.  And, you know, this is a case between competitors, so there has to be sensitivity to that.  Just because Jackson sues doesn't mean

you get everything.

So if there's something that you really feel you need to share with your clients, you should have a good reason for it. On the other hand, you don't just get to call anything attorneys' eyes only.  So I know you understand that.

Then if you can't resolve it, but I'm hopeful that you can now that you're here to sit there, then I'll see you at 2:30 and we'll go through line by line; but, hopefully, there won't be very many lines and those, if any that are left, are truly disputes.  All right?

You may leave and get food and drink, but bring it back, all right, bring it back.  I want you to work hard.  And do you have this?

**MR. HUGHES:**  Yes.  Yes.  Yeah.

**THE COURT:**  Okay.  All right.  Thank you.

**MR. MUNKITTRICK:**  Thank you.

**MR. HUGHES:**  Thank you, Your Honor.

(Recess taken at 9:07 a.m.)

(Proceedings resumed at 3:05 p.m.)

**THE CLERK:**  Civil Action C 11-5639, Jackson Family Wines versus Diageo North America.

Please state your appearances again.

**MR. HUGHES:**  Yes.  My name is Brendan Hughes.  I'm here on behalf of plaintiffs Jackson Family Wines and LC TM Holdings.

**MR. MUNKITTRICK:** And good afternoon. I'm David Munkittrick on behalf of Diageo.

**THE COURT:** All right. So, what's the status?

**MR. HUGHES:** Your Honor, we went through, I'd say, five and a half of the six deposition transcripts and had very good negotiations with respect to the confidentiality designations and really narrowed the issues in dispute.

I must say that it's rather frustrating, though, that we're at this last hour here and only now getting some serious headway from Diageo in lowering their designations.

It started off with about, as you see, 600 pages worth of transcript that were marked as highly confidential; and now we have, essentially, for each one of those deposition transcripts, probably about 15, 20 issues or pieces of transcript that are at issue with respect to confidentiality designations.

Furthermore, your order said that a person with the decision-making party regarding the confidentiality designations was also to appear in person, and it's frustrating to Jackson Family Wines that we're here and no one from Diageo has appeared along with counsel.

Counsel, Mr. Munkittrick, has been very cooperative in -- with respect to the negotiations; but, again, when we're talking about expressing why something is highly confidential, why they need it to be withheld from the view of Jackson Family

Wines, there's not really an explanation as to that.

I mean, for that I'd -- I'd -- alone I'd request that all this be marked as confidential because of that.  That being said, if the Court is not inclined to grant such a sweeping order, then we can go through the specific passages that are in dispute.

**THE COURT:**  Okay.  Mr. Munkittrick?

**MR. MUNKITTRICK:**  Your Honor, Diageo has acted in good faith through this entire process.  It wasn't until today that Jackson provided specific reasons and portions of these 600 pages of testimony that they claim that they need to have the designations removed and would enable Diageo to meet them at those requests.

But even when they requested just the wholesale de-designation of this -- what Diageo had in good faith designated, we went through the transcripts.  We de-designated what we thought was, perhaps, not exactly under the protective order's parameters.  We met and conferred and we went through, again, these transcripts and took a very narrow focus on what needed to be designated in relation to the motion to seal on this motion.

And today I'm here with full designating authority to change or not change these designations from Diageo, which is as this Court ordered.  We've had very productive discussions with plaintiffs on these designations.  They have agreed to

withdraw many of their challenges.  We have agreed to lower our designations on many of these portions during -- there remains a few areas of dispute; but, on a whole, this has been a very productive process.

THE COURT:  Well, let's start with Ms. Campbell's deposition.  Are there any disputes left with Ms. Campbell?

MR. HUGHES:  Yes, there are, Your Honor.  I believe, and Mr. Munkittrick can correct me if I'm wrong, but I think the first area of dispute is page 99 --

MR. MUNKITTRICK:  That's right.

MR. HUGHES:  -- 22 to 103.

And, your Honor, I know we're speaking in open court, so --

THE COURT:  Well, we'll seal this matter now.  This will be sealed.  No one's here.

(Pages 8 through 32 were placed under seal by Order of the Court and bound separately.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U. S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____    12/17/2013

Signature of Transcriber      Date

**BryceReporting**
SERVICES

510.828.9404 • info@brycereporting.com
www.brycereporting.com