PAGES 1 – 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

JACKSON FAMILY WINES, INC., ET AL, )
                                    )
            PLAINTIFFS,             )
                                    )
  VS.                               ) NO. C 11-5639 EMC
                                    )
DIAGEO NORTH AMERICA, INC.,         )
ET AL.,                             )
                                    )  SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.             )
                                    )  DECEMBER 19, 2013
_____)  10:32 O'CLOCK A.M.


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC**

**SOUND RECORDINGS**

**APPEARANCES**:

**FOR PLAINTIFF**S:          **COOLEY LLP**
                         1299 PENNSYLVANIA AVE. NW, SUITE 700
                         WASHINGTON, DC 20004-2400
                    **BY:  PETER J. WILLSEY, ESQUIRE**
**AND**
                         **COOLEY LLP**
                         101 CALIFORNIA STREET, 5TH FLOOR
                         SAN FRANCISCO, CALIFORNIA 94111-5800
                    **BY:  MICHAEL RHODES, ESQUIRE**

FURTHER APPEARANCES ON NEXT PAGE

**FURTHER APPEARANCES:**

**JEFF DAVID WESSELKAMPER, ESQUIRE**

**JUDITH SCHWIMMER, ATTORNEY AT LAW**

JACKSON FAMILY ENTERPRISES

421 AVIATION BOULEVARD

SANTA ROSA, CALIFORNIA 95403


**FOR DEFENDANTS:          PROSKAUER ROSE LLP**

                          11 TIMES SQUARE
                          NEW YORK, NY 10036
                     **BY:   ADAM D. SIEGARTEL, ESQUIRE**

TRANSCRIBED BY:  KATHERINE WYATT, COURT REPORTER

                  WYATTKATHY994@GMAIL.COM

                  925-212-5224

**DECEMBER 19, 2013**                                    **10:32 O'CLOCK  A.M.**


                        **P R O C E E D I N G S**

THE CLERK:  CALLING CASE C 11-5639, JACKSON FAMILY WINES VERSUS DIAGEO NORTH AMERICA, INC.

THE COURT:  APPEARANCES.

MR. WILLSEY:  GOOD MORNING, YOUR HONOR.  PETER WILLSEY OF COOLEY LLP FOR THE PLAINTIFFS.

THE COURT:  ALL RIGHT.  THANK YOU, MR. WILLSEY.

MR. SIEGARTEL:  GOOD MORNING, YOUR HONOR.  ADAM SIEGARTEL FROM PROSKAUER FOR BOTH DEFENDANTS.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. RHODES:  MICHAEL RHODES FROM COOLEY, AS WELL.

MR. WILLSEY:  AND WE ALSO HAVE IN-HOUSE COUNSEL FROM JACKSON FAMILY WINES.

THE COURT:  GREAT.  WELCOME.  GOOD MORNING.  I WANT TO ALERT YOU TO -- I KNOW WE HAVE A TRIAL SCHEDULED FOR MARCH 3RD. AS I MAY HAVE ALLUDED TO EARLIER, WE ARE DOUBLE, TRIPLE AND QUADRUPLE STACKING THESE DAYS.

WE DO HAVE A CRIMINAL CASE THAT I WAS HOPING WOULD RESOLVE, AND NOW I'VE HEARD IT'S NOT GOING TO RESOLVE.  AND THIS CASE HAS BEEN PENDING FOR QUITE AWHILE, AND YOU WANT RESOLUTION.

I ALSO HAVE YET ANOTHER CIVIL CASE THAT I WAS JUST TOLD HAS NOT RESOLVED, AS WELL, SO WE'RE KIND OF STACKED UP.  AND

YOU HAVE THE RIGHT TO HAVE THIS CASE TRIED, IF YOU CAN. BUT I DID WANT TO RAISE WITH YOU WHETHER OR NOT YOU WOULD CONSIDER IN EXCHANGE FOR GETTING SOME CERTAINTY OF A TRIAL DATE, ASSIGNING YOU TO A MAGISTRATE JUDGE.  THAT'S WHY I WANTED TO HAVE YOU -- YOU DON'T HAVE TO TELL ME NOW.  THAT'S SOMETHING YOU ALL CAN DISCUSS.

BUT I CAN TELL YOU THAT IF YOU WOULD CONSIDER THAT AND ARE WILLING TO DO THAT WE CAN GET YOU A CERTAIN TRIAL DATE, AND YOU WILL BE GUARANTEED TO GET OUT, WHICH I UNFORTUNATELY I JUST CAN'T NOW WITH SPEEDY TRIAL PROVISIONS AND EVERYTHING ELSE.

I ALSO WANTED LET YOU KNOW THAT IF YOU WERE INTERESTED, YOU KNOW, I WOULD ALSO -- YOU CAN ALSO STIPULATE TO WHO YOU WANT TO TRY THIS CASE.  SO THAT WOULD GIVE YOU SOME CERTAINTY IN THAT REGARD, AS WELL.

MR. WILLSEY:  LET ME CONFER FOR SECOND.

THE COURT:  SURE.

MR. WILLSEY:  YOUR HONOR, WE WOULD LIKE TO THINK THIS OVER A LITTLE BIT.

THE COURT:  SURE.

MR. WILLSEY:  IS IT OKAY IF WE CONTACT THE COURT TOMORROW REGARDING THIS?

THE COURT:  YES.

MR. SIEGARTEL:  MY CLIENT IS NOT HERE.  I'M NOT SURE WE WILL HAVE AN ANSWER TOMORROW, SO PERHAPS WE COULD JUST SAY BY THE 24TH MAYBE.

THE COURT:  SO THE NEXT WEEK?  OKAY.  BY TUESDAY YOU, IF YOU WANT TO JUST SEND IN A NOTE SAYING "YES."

AND THE OTHER WAY -- I MEAN, IF THERE IS AN INTEREST -- I MEAN, ONE THING YOU CAN DO IS EITHER TALK TO EACH OTHER, SEE IF THERE'S SOMEBODY YOU WANT TO STIPULATE TO OR EACH SIDE GIVE ME A LIST OF THREE PEOPLE YOU WOULD PREFER.  AND IF THERE'S OVERLAP THERE WE CAN ACCOMMODATE YOU OR FIGURE SOMETHING OUT.

BUT I THINK THE MAIN THING -- AND I THINK YOU'VE HAD SOME EXPERIENCE WITH SOME OF OUR PEOPLE NOW ON DISCOVERY.  OR YOU MAY HAVE HAD IN YOUR OTHER DEALINGS SOME EXPERIENCE WITH OUR MAGISTRATE JUDGES.

THEY ARE ALL VERY, VERY WELL EXPERIENCED AND VERY WELL QUALIFIED.  IN FACT, THEY ARE THE ONLY PEOPLE AROUND HERE SELECTED ON THE BASIS OF MERIT, AND SOME OTHER PROCESS, SO -- BUT YOU HAVE THE RIGHT TO, OBVIOUSLY NOT TO, AND I AM NOT GOING TO FORCE YOU TO DO THAT.

BUT I DID WANT TO LET YOU KNOW THAT KNOWING THAT THERE'S SOME IMPORTANCE OF GETTING THIS CASE TRIED, UNFORTUNATELY WE'RE AT THE MERCY OF THE CALENDAR AND SPEEDY TRIAL, SO --

MR. SIEGARTEL:  YOUR HONOR, IF THE PARTIES DECIDE THEY WANT TO STICK WITH YOU, WHAT IS YOUR EXPECTATION, IF YOU HAVE ONE, FOR WHEN THE TRIAL MIGHT BE?

THE COURT:  I'D HAVE TO PUT SOME PIECES OF THE PUZZLE TOGETHER, BECAUSE I HAVE -- SO IT COULD BE MONTHS OUT IS THE PROBLEM.

MR. WILLSEY:  YOUR HONOR, I KNOW NOTHING IS CERTAIN, BUT IN YOUR VIEW RIGHT NOW DO YOU HAVE A ROUGH ESTIMATE OF THE CHANCES THAT YOU COULD DO THE TRIAL ON MARCH 3RD?

THE COURT:  BASED ON WHAT I HAVE LEARNED I WOULD SAY IT'S FAR LESS THAN 50/50.  AND I SAY I JUST TRIED SIX CRIMINAL CASES WHICH IS -- I DON'T KNOW WHAT THE TREND IS, BUT USUALLY THESE CASES PLEA OUT AND RESOLVE, AND THEY HAVEN'T.  I DON'T KNOW WHY, BUT IT'S REALITY.

MR. WILLSEY:  YOUR HONOR, IF IT'S YOUR EXPECTATION THAT IF THE PARTIES DECIDE TO GO WITH A MAGISTRATE, THEN A TRIAL IN EARLY MARCH IS STILL FEASIBLE?

THE COURT:  I'M VIRTUALLY CERTAIN OF THAT, AND I WILL MAKE SURE THAT WHOEVER YOU SELECT, IF YOU EVEN AGREE OR IF WE CAN NARROW IT DOWN, WE CAN FIND SOMEBODY THAT CAN GET IT TRIED IN THAT PERIOD, YES.

MR. WILLSEY:  WELL, YOUR HONOR, ONE OTHER QUESTION.  I ASSUME THAT THE PARTIES NEED TO BE UNANIMOUS ON THIS ISSUE?

THE COURT:  YES.  YES.

MR. WILLSEY:  JUST TO MAKE SURE.

THE COURT:  YES.  IF BOTH OF YOU DON'T AGREE, YOU KNOW, WE'RE HERE, AND WE WILL DO WHAT WE CAN.  OTHERWISE, YOU KNOW, LET ME KNOW.  AND WHAT I WILL DO IF YOU DECIDE NOT TO, THEN WE'LL JUST KEEP THE CASE, AND I'LL JUST -- I DON'T WANT TO VACATE THE TRIAL DATE IN CASE -- LOSE YOUR DATE.  SO I WOULD LIKE TO KEEP IT IN PLACE AND MAYBE WE GET TOGETHER ANOTHER

MONTH AND A HALF.  AND MAYBE I'LL KNOW A LITTLE MORE ABOUT THE CRIMINAL CASE, CASES AND EVERYTHING ELSE.  AND SEE HOW THAT ALL STACKS UP.

SO THERE'S A TRADEOFF BETWEEN, YOU KNOW, WAITING FOR SOMETHING TO CLEAR AND -- OR NOT LOSING IT.

SO WHY DON'T WE GO AHEAD AND SET A -- AS JUST A CONTROL DATE -- A FURTHER STATUS CONFERENCE?

MAYBE WE SHOULD DO IT A LITTLE EARLIER THAN THAT, BETTY, BECAUSE THE PRETRIAL CONFERENCE IN THIS CASE AS IT STANDS IS ACTUALLY FEBRUARY 18.

MR. WILLSEY:  FEBRUARY 18TH.

THE COURT:  ALL RIGHT?  SO IF YOU WANT TO JUST SUBMIT SOMETHING TO ME BY THE 24TH, YOU KNOW, IF THAT'S SOMETHING YOU WOULD DO OR NOT, AND THEN WE'LL KNOW WHERE WE GO FROM HERE. OKAY?

MR. WILLSEY:  YOUR HONOR, SINCE WE'RE NOT VACATING THE TRIAL DATE WE HAVE AN AWFUL LOT OF ACTIVITY IN JANUARY.  I HAVE ONE QUESTION ABOUT A POTENTIAL MOTION WE'RE GOING TO BRING THAT I JUST WANT TO RUN BY YOU.

THE COURT:  OKAY.

MR. WILLSEY:  WE PLAN TO BRING A MOTION FOR ADVERSE INFERENCE BASED ON SPOLIATION.  AND THIS MATTER RELATES TO SOME DISCOVERY ISSUES THAT JUDGE CORLEY HAS HANDLED IN THE PAST.

THE COURT:  YES.

MR. WILLSEY:  BUT WHAT WE'RE SEEKING IS A VERY PARTICULAR

JURY INSTRUCTION.  IS THIS A MOTION THAT YOU PREFER WE WOULD BRING TO YOU OR THAT WE BRING TO JUDGE CORLEY?

THE COURT:  WELL, IT'S BASED ON ALLEGED SPOLIATION?

MR. WILLSEY:  YES.

THE COURT:  IS THAT IT?

HAS THERE BEEN AN ADJUDICATION BY JUDGE CORLEY AS TO WHETHER OR NOT ON THE UNDERLYING FACTS AS TO SPOLIATION?

MR. WILLSEY:  THERE HAS NOT.

MR. SIEGARTEL:  IT IS A WITNESS WHICH HAS COME TO THE MAGISTRATE'S ATTENTION FOR OTHER REASONS.  OBVIOUSLY, WE OPPOSE THE MOTION.  BUT A WITNESS WHO THE MAGISTRATE IS FAMILIAR WITH.  BUT THIS PARTICULAR ISSUE IS A NEW ISSUE.

THE COURT:  WELL, I THINK THE WAY TO HANDLE THIS IS TO HAVE JUDGE CORLEY DEAL WITH THE UNDERLYING ISSUES.  SHE.  CAN ISSUE A RULING WHICH THEN I WOULD MAKE THE ULTIMATE DECISION WITH RESPECT TO ANY ADVERSE -- WHETHER GIVING THE INSTRUCTION.

BUT THE FACTUAL PREDICATE IS SOMETHING SHE SHOULD ADDRESS IN THE FIRST INSTANCE.

MR. WILLSEY:  OKAY, YOUR HONOR.  WE'LL DO THAT EXPEDITIOUSLY.

THE COURT: OKAY.  THANK YOU.  APPRECIATE IT.  THANK YOU.

(THEREUPON, THIS HEARING WAS CONCLUDED.)

**CERTIFICATE OF TRANSCRIBER**


    I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

ABOVE MATTER.

   I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO,

NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTIONS IN WHICH THIS

HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR

OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

SIGNATURE OF TRANSCRIBER

*Kathy Wyatt*                    1-13-14 DATE