Pages 1 - 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN, MAGISTRATE JUDGE

JACKSON FAMILY WINES, INC,    )
et al.,                       )
                              )
              Plaintiffs,  )No. 3:11-cv-05639-EMC
                              )
    v                         )TUESDAY, JANUARY 23, 2014
                              )
DIAGEO NORTH AMERICA, INC.,  )SAN FRANCISCO, CALIFORNIA
INC., et al.,                 )
                              )STATUS CONFERENCE
              Defendants.  )
_____)

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC
SOUND RECORDING**

**APPEARANCES:**

FOR PLAINTIFFS:        COOLEY, LLP
                       101 California street
                       San Francisco, California 94111
                   BY:  PETER JOEL WILLSEY, ESQUIRE
                       BRENDAN JOSEPH HUGHES, ESQUIRE

FOR DEFENDANTS:        PROSKAUER ROSE
                       Eleven Times Square
                        Eighth Street & 41st Street
                        New York, New York 10036-8299
                   BY:  BRENDAN J. O'ROURKE, ESQUIRE
                       ADAM D. SIEGARTEL, ESQUIRE
                       DAVID A. MUNKITTRICK, ESQUIRE

TRANSCRIBED BY:        JANE H. STULLER, TRANSCRIBER
                       jstuller@att.net
                       (408)984-1596

TUESDAY, JANUARY 23, 2014                        10:19 A.M.

                    P R O C E E D I N G S

          THE CLERK:  Calling case No. 3:11-cv-05639 Jackson Family Wines versus Diageo.

          Counsel, please state your names for the record, and also state your name before you speak 'cause we are digitally recording.

          MR. WILLSEY:  Peter Willsey, Your Honor.

          THE COURT:  Good morning, Mr. Willsey.

          MR. WILLSEY:  -- with Cooley, and I represent the plaintiff in this case, Jackson Family Wines and LC TM Holdings.  I'm here with my colleague Brendan Hughes.

          THE COURT:  All right.  Thank you, Mr. Willsey.

          MR. O'ROURKE:  Good morning, Your Honor.  This is Brendan O'Rourke from Proskauer Rose representing the defendant.  And I am here with my colleagues Adam D. Siegartel and David Munkittrick.

          THE COURT:  All right.  Thank you, Mr. O'Rourke.

     We are still on schedule to -- to try this case starting on March 3rd.  The criminal case -- cases have cleared up sufficiently that it appears that the -- we will be able to try this case without having to trail or be displaced by the criminal case, so I want to make clear that we are on schedule.  Now, I know there is

                                                                    2

some discovery dispute or disputes and maybe -- I just want to make sure I understand that -- that these are matters that are -- will be handled or pending before Magistrate Judge Corley.

MR. WILLSEY:  Your Honor, this is Peter Willsey.  I think there are two disputes that I can think of.  One is a spoliation issue, and that is being brought before Judge Corley.  In fact, we filed a joint letter as per her rules this morning.

The other issue is not really a dispute.  There was some question, as you may have seen in our status report last week, about a possible additional fact that addition of a man named Matt Brown.

THE COURT:  Right.

MR. WILLSEY:  And we have conferred with our client, but -- and let counsel know that today, that we will agree to the depositions.  We do need to discuss with them and work with them to talk about possible time limit on the deposition in place, and we'd like to drill down the scope of that deposition, but we are agreeable to making them available for depositions.

THE COURT:  All right.  Good.  So that resolves that question.

Okay.  So then -- let me see. . . We're on the eve of the joint pretrial conference statement and pretrial

material submission that's due on the 28th.  So I take it we're on schedule to accomplish that?

MR. O'ROURKE:  Your Honor, this is Mr. O'Rourke.  First of all, thank you for allowing us to appear by phone.  Really -- both sides really appreciate it.

THE COURT:  Sure.

MR. O'ROURKE:  Although we regretted it when we woke up this morning in negative two degrees.

THE COURT:  At least you didn't have to go out as well -- you didn't have to go out to the airport, so --

MR. O'ROURKE:  Fair enough.  A coup -- a couple of things on that, Your Honor.  Counsel had spoken about your rules for pretrial order, and we were wondering given -- since this is a jury trial, whether the court actually needed trial briefs.  And the parties were hoping that you wouldn't be needing trial briefs, but we wanted to raise that today because that's also due on Tuesday.

THE COURT:  Yeah.  Trial briefs are helpful even at a jury trial because it helps me assess -- gives me some context for any issues that may come up with respect to witnesses, objections to exhibits, any pretrial in limine motions.  So it is my practice to --

4

to have trial briefs even in a jury case.

MR. O'ROURKE:  Very well, Your Honor.  This is Mr. O'Rourke again.

Mr. Willsey and I were wondering if that date could slide a little bit, Your Honor; that would be very helpful.  If not, we will certainly undertake to get that done.  we're -- we're -- you know, we are working cooperatively with the other side to get you a proper pretrial order.  If we could get some relief of the briefs, that could make our presentation on Tuesday a little bit tighter.

THE COURT:  All right.  Well, what are you thinking of in terms -- you're just talking about the pretrial briefs as opposed to the other materials?

MR. O'ROURKE:  Yes, Your Honor.  This is Mr. O'Rourke.

We were hoping to get a week's extension only on the briefs.  Everything else would be due on Tuesday.

MR. WILLSEY:  Actually, Your Honor -- this is Peter Willsey and Branden.  I apologize for not introducing him to you earlier today.

But in thinking about it right before we started this call, Your Honor, we have -- we have agreed that we will meet and confer on Monday to review any outstanding issues that relate to the filing of the pretrial

exhibits or anything so that way you minimize exhibits, but because that we had to take place on Monday and deliver all the exhibits to the court in hard copy form, we were hoping that we could get a one-day extension for pretrial.  Brandon and I think that after we -- it seems to be a lot of work actually, final exhibits.  So my proposal would be a one-day first, with deadline with the pretrial statement and the pretrial briefs, and just that one of the -- we do that a week from Tuesday.

MR. O'ROURKE:  All right.  All right.  I think that makes sense if the court is okay with that.

THE COURT:  All right.  So you're asking for the deadline to be the 29th instead of the 28th with a pretrial conference statement and submission of pretrial materials and February 4th, I guess, for the pretrial brief, is all that right?

MR. WILLSEY:  That -- Your Honor, Peter Willsey again.  Yea, that is correct.

THE COURT:  All right.  Yeah.  That is acceptable.  We can do that.  Our pretrial conference is scheduled for the 18th of February.  I think there is a typo in the statement saying the 8th, but it meant the 18th.

MR. WILLSEY:  Yes, Your Honor, we've had -- we had to take that up with the court.  We appreciate that

you've seen the mistake.

THE COURT:  Okay.  We'll enter a minute order of -- with these new dates, but the pretrial conference and trial date will stay the same.  And we're talking about a trial, seven court days, correct, for this case?

That's yes, right?

MR. WILLSEY:  Yes, Your Honor.

THE COURT:  All right.  Keep in mind when you do your pretrial conference statements, in terms of your witness list that -- in terms of court days, we typically can get in about four to slightly over four hours of testimony of evidence gathering.

So if you do the math, you'll have to allow for a day of jury selection and openings, and perhaps a day for closings, instructions and jury deliberation.  That leaves you essentially about five court days for presentation of evidence.  And that roughly translates into a little over 20 hours of testimony, so you might keep that in mind when you go through your witness list.

MR. O'ROURKE:  Mr. O'Rourke.  Peter, we should talk about that, 'cause we need to tie some stuff up.

MR. WILLSEY:  Yes.  This is Peter Willsey.  And I agree.

Unless, Your Honor, there's a possibility of giving us an extra trial day.

7

THE COURT:  Well, I'll have to look at what you've got, and I don't know what you're scheduling is.

Pardon?  All right.

MR. O'ROURKE:  Your Honor --

THE COURT:  We may be able to accommodate that, but, you know, you -- you should look at that and we can discuss that at the pretrial conference.

MR. O'ROURKE:  Thank you, Your Honor.

THE COURT:  All right.

MR. O'ROURKE:  Your Honor, this is Mr. O'Rourke.  Would you mind spending just a minute or a two so that we are best prepared at the pretrial conference what -- what you would like to cover at the pretrial conference.  Will we be arguing motions in limine and evidence of the top 15 objections?  What -- what -- how do you -- how can we best help you and be best prepared to help you?

THE COURT:  Yes.  I -- I intend to -- I use a pretrial conference at the hearing to hear argument on the in limine motions, and I try to resolve them right then and there or shortly thereafter.

Similarly, with the Bellwether objections.  If there are lots of objections, I want Bellwether exhibits.  And I will rule on those at the conference. And if there are any major issues with respect to jury

instructions, I may bring those up as well.  So I like to try to resolve as many pretrial issues as possible either at the pretrial conference or we use that pretrial conference to hear your positions, and then resolve those shortly, which would then be embodied in a pretrial order which will contain the rulings on motions in limine, rulings on the objections to evidence or any objections of witnesses.

And it's the start of a -- of the jury instruction process.  It's usually an iterative process.  What usually comes out of that pretrial conference is my set of proposed jury instructions after hearing, you know, your positions if there are any further disputes, and then give you further chance to comment.

So we do try to accomplish as much as we can to get the -- all the parameters kind of nailed down at the pretrial conference.

MR. O'ROURKE:  And this is Mr. O'Rourke, again.  And I apologize for all the questions, but is it your practice to have the jury instructions finalized before opening statements or before closing?

THE COURT:  I like to try to get them finalized before opening subject to some adjustment depending on the evidence.  But I'd like to resolve any major issues of laws so that when you make your openings, you can do

so informed by what the jury instruction is going to look like.

MR. O'ROURKE:  All right.  Thank you.

THE COURT:  All right.  Any other questions?

MR. WILLSEY:  Mr. Willsey.  No further questions here.  And thank you very much, Your Honor.  That was helpful.

MR. O'ROURKE:  Thank you, Your Honor, very much.

THE COURT:  Okay.  So we'll see you on February 18th.

MR. WILLSEY:  Right.

THE COURT:  Let me just ask, is there any -- any interest in any further ADR process that the Court can facilitate or make available at this point?

MR. WILLSEY:  This is Peter Willsey, Your Honor.  I don't think that would be productive today.  We've gone through ADR previously and the Court.  And in addition to that, there have been two personal meetings between parties to try and get settlement, and those have not been something we're able --

THE COURT:  All right.  Well, if you change your mind, let me know whether it's scheduling any further settlement conference or if you think it's appropriate; otherwise I'm going to assume that it is

going forward, and we'll see you on the 18th of February.

MR. WILLSEY:  Thank you, Your Honor.

MR. O'ROURKE:  Thank you very much, Your Honor.

THE COURT:  Thank you.  Great.

(Proceeding adjourned at 10:30 p.m.)

## CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by and of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____
JANE H. STULLER, TRANSCRIBER
WEDNESDAY, FEBRUARY 5, 2014